Rockingham,
No. 4666.

JOHN THOMAS DIAMOND, JR.

*v.*

FRANCES LORRAINE DIAMOND.

Argued June 4, 1958.

Decided June 20, 1958.

*Arthur J. Reinhart* (orally), for the plaintiff.

The defendant did not appear.

BLANDIN, J.   In the present situation the gravamen of the petition is that the defendant falsely represented to the plaintiff that she was pregnant and that she had never previously been married, both of which statements were false and made to induce him to wed her.   The weight of authority is that false representations as to pregnancy, made for the purpose of persuading one to enter into the marriage relation, are not cause for annulment. 35 Am. Jur., Marriage, *s.* 138.   This is especially true when the parties had relations prior to marriage.   15 A. L. R. (2d) anno. 706, 726-728.   Likewise the majority view is that concealment of a previous marriage dissolved by death or divorce is no ground for annulment.   *Cassin* v. *Cassin,* 264 Mass. 28; 35 Am. Jur., *supra, s.* 158.   It is true that these authorities are not controlling here and also that this marriage was never consummated, which is a factor, although not a decisive one, to be considered.   Our courts as well as those of other jurisdictions, generally speaking, have granted annulment only with extreme caution.   *Heath* v. *Heath,* 85 N. H. 419, recently affirmed in *Patey* v. *Peaslee,* 99 N. H. 335, requires fraud "making impossible the performance of the duties and obligations of [marriage] . . . or rendering its assumption and continuance dangerous to health or life." *Id.,* 429.   The reason for this as stated in the *Heath* opinion is that since dissolution of marriage by divorce may be granted only on statutory grounds, the courts in decreeing dissolution by nullity are in a sense invading the legislative province and this is proper solely when public opinion unequivocally demands it.

In the present situation, unfortunate though it may be, it seems clear to us that we cannot say the alleged fraud is such that a "persistent and united state of the public mind" (*Heath* v. *Heath, supra,* 433) demands that the parties should not be bound by the marriage contract.

In the absence of any allegation in the petition that the defendant entered into the marriage relation with a secret intent not to consummate it, in which case annulment could be granted (*Babis*

340

v. *Babis,* 75 A. (2d) 580, Del. Superior Court; *Anders* v. *Anders,* 224 Mass. 438), the petition is

*Dismissed nisi.*

All concurred.